1

2

3

4

5

6

**SULAIMAN LAW GROUP, LTD.**
Bobby C. Walker, Esq. (State Bar No. 321788)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
Facsimile: (630) 575-8188
Email: bwalker@sulaimanlaw.com
Attorney for Plaintiff

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

| | |
|---|---|
| BEVERLY A. GRAHAM, | Case No.  2:22-cv-07915 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §1679 ET SEQ.;** |
| THE LITIGATION PRACTICE GROUP, PC, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

17

18

**COMPLAINT**

19

20

21

22

NOW comes BEVERLY A. GRAHAM ("Plaintiff"), by and through the undersigned, complaining as to the conduct of THE LITIGATION PRACTICE GROUP, PC ("Defendant") as follows:

23

**NATURE OF THE ACTION**

24

25

26

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") for Defendant's unlawful conduct.

27

**JURISDICTION AND VENUE**

28

1

2.   This action arises under and is brought pursuant to the CROA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Central District of California.

**PARTIES**

4.   Plaintiff is a natural "person," as defined by 47 U.S.C. § 153(39), over 18 years of age.

5.   Defendant is a credit repair organization, debt settlement provider, and law corporation that offers its customers the ability to eliminate and resolve their debt issues through Defendant's myriad services, including assisting consumers with resolving debts that would otherwise be unresolved, as well as through disputing information appearing on consumer's credit reports so that such information could be removed and in turn improve consumer's credit scores. Defendant is a professional corporation organized under the laws of the state of California with its principal place of business located at 17542 17th Street, Suite 100, Tustin, California.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FACTS SUPPORTING CAUSES OF ACTION**

8.  In approximately May of 2022, Plaintiff was seeking to improve her credit and to take care of some obligations that were causing her financial difficulty.

9.  Plaintiff subsequently happened upon Defendant's services

10. Upon speaking with Plaintiff, Defendant advised that its services included disputing information that was appearing on, and negatively impacting, Plaintiff's credit reports in order to get that information removed and to improve her credit.

11. Defendant further offered various "legal" services in connection with its disputes.

12. Defendant explicitly represented that its services would improve Plaintiff's credit history, score, and rating, as Defendant advised that through the disputes, Plaintiff's credit report would improve by having negative information removed from her credit report.

13. Defendant further advised that Plaintiff's monthly payments would be put into a dedicated account, and Defendant would then use such funds to negotiate debts for reduced balances, which would further improve Plaintiff's credit and result in her being debt free by having Defendant resolve obligations that she would otherwise be unable to resolve on her own.

14. Upon information and belief, Defendant explicitly informs consumers that the explicit purpose of its business is to restore consumer's credit.

15. Plaintiff found Defendant's services desirable as she believed that, by making payments to Defendant instead of each individual creditor, her credit score would improve and Defendant would take care of all of Plaintiff's enrolled obligations.

16. As a result, Plaintiff agreed to utilize Defendant's services and entered into a contract for the provision of the same.

17. Plaintiff subsequently began making her monthly payments to Defendant, which totaled approximately $349.00 per month.

18. Plaintiff has been making payments for 4 months; however, Defendant has failed to meaningfully deliver any services.

19. Upon information and belief, Defendant has been taking funds from Plaintiff's monthly payments and, rather than use them to resolve the obligations as represented, is instead applying such charges to various fees for services, including legal services, that Defendant has not performed, let alone fully performed.

20. Furthermore, upon information and belief, Defendant is engaged in a pattern of practice of representing its service one way when speaking with consumers, only to cut against those very representations in the contractual documents Defendant has consumers sign.

21. Frustrated and distressed over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish,

4

pecuniary harm, denial of the benefit of her bargain, making payments for deficient credit repair services, relying upon Defendant's representations to her detriment, being subjected to improper fees, as well as a violation of her federally protected interests – interests which were harmed and put at a material risk of harm as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

25. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

**a. Violations of CROA § 1679b(a)**

26. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or

course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

27. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it would provide Plaintiff. Upon information and belief, Defendant represented to Plaintiff that all she had to do was pay Defendant a single monthly fee, and that Defendant would use those payments to resolve all of Plaintiff's allegations. However, in the contract Defendant has consumers sign, Defendant cuts against the representations made orally, as rather than using the funds to settle the debts, Defendant uses the funds to pay for its charges and fees, and that any settlement Defendant reaches will have to come out of Plaintiff's pocket in addition to the monthly payments. Defendant thus deceptively and misleadingly represents the nature of its services to induce consumers to sign up for its services, likely banking on the notion that consumers will not carefully consider the contractual language being put in front of them by someone who has just promised to resolve all of their credit issues.

### b. Violations of CROA § 1679b(b)

28. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for

the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

29. Defendant violated § 1679b(b) through its charging and receiving of money for services it agreed to perform for Plaintiff before such services were fully performed. Defendant charged Plaintiff up-front fees and monthly fees unrelated to any services Defendant fully performed, and further took portions of Plaintiff's payments for certain "legal" fees that had not been performed and which were completely unnecessary for Plaintiff.

### c. Violation of CROA § 1679c

30. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

31. Defendant violated 15 U.S.C. § 1679c through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures, nor did it provide a separate document containing such disclosures.

### d. Violation of CROA §§ 1679d & 1679e

7

32. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement **in bold face type**, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679e further outlines the extent of a consumer's cancellation rights under the CROA, while requiring such disclosure to be given to consumers in writing and separate from the contract.

33. Defendant violated 15 U.S.C. § 1679d through its failure to provide the requisite statutory disclosure in the manner required by the CROA. Defendant further violated § 1679e through its failure to provide a notice of cancellation form to Plaintiff in its contract.

34. As a result of Defendant's deficient contract, the contract should be deemed void and unenforceable. 15 U.S.C. § 1679f(c).

### e. Violation of CROA § 1679f(b)

35. The CROA, pursuant to 15 U.S.C. § 1679f(b) provides that, "[a]ny attempt by any person to obtain a waiver from any consumer of any protection provided by or any right of the consumer under [the CROA] shall be treated as a violation of [the CROA]."

36. Defendant violated 15 U.S.C. § 1679f(b) through its attempt to obtain Plaintiff's waiver of the protections afforded him under the CROA. Defendant's contract attempts to waive the protection for consumers against credit repair organizations charging before the full completion of services, as it attempts to get consumers to agree that Defendant's fees are "earned" upon payment by Plaintiff, rather than when they fully complete the services agreed to perform, as required by the CROA. Defendant further attempts to get consumer's to contractually acknowledge the very opposite of what Defendant orally represented, illustrating Defendant's efforts to insulate itself from the knowingly false representations it makes to consumers.

37. The CROA further dictates that any contract found not to be in compliance with the CROA "shall be treated as void" and "may not be enforced by any Federal or State court or any other person." 15 U.S.C. § 1679f(c).

WHEREFORE, Plaintiff, BEVERLY A. GRAHAM, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

1

2      e. Awarding any other relief as this Honorable Court deems just and
          appropriate.

3

4

5      Dated: October 31, 2022                    Respectfully submitted,

6
                                                   /s/Bobby C. Walker
7                                                  Bobby C. Walker, Esq.
                                                   California Bar No. 321788
8                                                  *Counsel for Plaintiff*
                                                   Sulaiman Law Group, Ltd
9                                                  2500 S Highland Ave, Suite 200
                                                   Lombard, IL 60148
10                                                 Telephone: (630) 575-8181 Ext. 149
                                                   bwalker@sulaimanlaw.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28